IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON HAYES, TDCJ #852290, | § § § | |
| Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-10-1144 |
| RICK THALER, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Jason Hayes (TDCJ #852290) is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ"). Hayes has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction. [Doc. # 1]. He has included a memorandum in support of his petition. [Doc. # 2]. For reasons explained more fully below, it appears that the petition is barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d). Accordingly, Hayes is ordered to show cause within **thirty days** why this case should not be dismissed.

**I.     BACKGROUND**

Hayes was convicted on November 12, 1998, after pleading guilty to murder charges lodged against him in cause number 766945. The 174th District Court of Harris County, Texas, accepted Hayes' guilty plea and sentenced him to serve forty years in prison. An

intermediate court of appeals affirmed the conviction after finding no arguable ground of appeal. *See Hayes v. State*, No. 01-98-01412-CR, 2000 WL 424389 (Tex. App. — Houston [1st Dist.] April 20, 2000). Hayes did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals.

In a federal habeas corpus petition filed on April 2, 2010,[1] Hayes seeks relief from his 1998 murder conviction on the grounds that he was denied effective assistance of counsel during the punishment phase of his guilty plea proceeding. Hayes also complains that, in rejecting this claim, the state habeas corpus court applied an incorrect standard. The petition shows that Hayes waited until January 18, 2010, to file a state writ of habeas corpus application to raise the ineffective-assistance claims that he now attempts to present. The Texas Court of Criminal Appeals reportedly denied that application on March 24, 2010. *See Ex parte Hayes*, No. 73,627-01.

The pleadings document extended delay on Hayes' part in pursuing federal habeas corpus review. Accordingly, for reasons discussed briefly below, the Court finds that his petition is subject to dismissal because it is barred by the applicable one-year statute of limitations.

---

[1] The Clerk's Office received the petition on April 8, 2010, but it is dated April 2, 2010, indicating that Hayes placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in the Fifth Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

## II.     THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because Hayes challenges a state court judgment, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

In this case, the pleadings reflect that Hayes' conviction became final on or about May 20, 2000, thirty days after his conviction was affirmed on appeal. *See Hayes v. State*, No. 01-98-01412-CR, 2000 WL 424389 (Tex. App. — Houston [1st Dist.] April 20, 2000). That date triggered the one-year statute of limitations on federal habeas corpus review, which expired on or about May 20, 2001. Hayes' pending federal habeas corpus petition, executed on April 2, 2010, is late by nine years and is therefore barred by the statute of limitations unless an exception applies.

## III.    CONCLUSION AND ORDER TO SHOW CAUSE

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1.     The petitioner's motion for leave to proceed *in forma pauperis* [Doc. # 3] is **GRANTED**.

2. The petitioner must show cause in writing within thirty days of the date of this order why this case should not be dismissed as barred by the governing statute of limitations.

3. The petitioner is admonished that his failure to comply as directed will result in the dismissal of this case without further notice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>April 13, 2010.</u>

_____
Nancy F. Atlas
United States District Judge