IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON HAYES, § | | |
| TDCJ #852290, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-10-1144 | |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM AND ORDER

State inmate Jason Hayes (TDCJ #852290) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction that was entered against him in 1998.  After reviewing the petition and supporting memorandum, the Court issued an order directing Hayes to show cause why his petition should not be dismissed as barred by the governing one-year statute of limitations found in 28 U.S.C. § 2244(d).  (Doc. # 5).  Hayes has filed a motion in response to that order, arguing that his petition is timely and requesting an evidentiary hearing.  (Doc. # 6).  After considering all of the pleadings, the petitioner's response to the show cause order, and the applicable law, the Court **dismisses** this case for reasons that follow.

I.  BACKGROUND

Hayes is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division (collectively, "TDCJ") as the result of his guilty plea on

November 12, 1998, to murder charges lodged against him in cause number 766945. The 174th District Court of Harris County, Texas, accepted Hayes' guilty plea and sentenced him to serve forty years in prison. An intermediate court of appeals affirmed the conviction after finding no arguable ground of appeal. *See Hayes v. State*, No. 01-98-01412-CR, 2000 WL 424389 (Tex. App. — Houston [1st Dist.] April 20, 2000). Hayes did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals. He remains in custody of TDCJ at the Neal Unit in Amarillo.

In a federal habeas corpus petition filed on April 2, 2010,[1] Hayes seeks relief from his 1998 murder conviction on the grounds that he was denied effective assistance of counsel during the punishment phase of his guilty plea proceeding. In particular, Hayes complains that his counsel failed to present unspecified evidence that would have supported an argument that the murder was committed with "sudden passion," and not an intent to kill, or that the Hayes was merely "criminally negligent" when he "hit[] the deceased in the head with a frying pan," causing the victim's death. (Doc. # 2, at 3). Hayes also complains that, in rejecting this claim, the state habeas corpus court applied an incorrect standard.

The petition shows that Hayes waited until January 18, 2010, to file a state writ of habeas corpus application to raise the ineffective-assistance claims that he now presents in

---

[1] The Clerk's Office received the petition on April 8, 2010, but it is dated April 2, 2010, indicating that Hayes placed his pleadings in the prison mail system on that date. For statute of limitations purposes, courts in the Fifth Circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

federal court. The Texas Court of Criminal Appeals denied Hayes' state habeas application on March 24, 2010, without a written order. *See Ex parte Hayes*, No. 73,627-01.

This record, as supplemented by Hayes' response to the show cause order, documents an extended period of delay in pursuing habeas corpus review. For reasons discussed in more detail below, the Court finds that his petition must be dismissed because it is untimely and therefore barred by the governing one-year statute of limitations.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

As explained to Hayes in the Court's show cause order, all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), codified at 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). A district court may dismiss a habeas petition as untimely on its own initiative where, as here, it gives fair notice to the petitioner and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

Because Hayes challenges a state court judgment, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." In this case, the pleadings reflect that Hayes' conviction was affirmed on April 20, 2000. Although he did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days later, on or about May 20, 2000. That date triggered the one-year statute of limitations on federal habeas corpus review, which expired on or about May 20, 2001. Hayes' pending federal habeas corpus petition, executed on April 2, 2010, is nine years late and is barred from review unless an exception to the statute of limitations applies.

### A.     Statutory Tolling

Hayes notes that he was required to pursue state habeas corpus review in order to exhaust his state court remedies before seeking review in federal court. *See* 28 U.S.C. § 2254(b). Hayes argues, therefore, that he is entitled to tolling of the limitations period to allow for state habeas corpus review.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). As noted above, however, Hayes filed a state habeas corpus application on January 18, 2010, which the Texas Court of Criminal Appeals denied on March 24, 2010. *See Ex parte Hayes*, No. 73,627-01. Because Hayes waited to challenge his conviction until after the federal habeas statute of limitations

had already expired, his state habeas proceeding had no tolling effect for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Hayes presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Hayes does not invoke 28 U.S.C. § 2244(d)(1)(B), or show that he was subject to state action that prevented him from filing a timely petition. Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. §2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

**B.     Equitable Tolling**

Noting that he is untrained in the law and incarcerated, Hayes complains further that neither the state courts nor his counsel advised him of the one-year statute of limitations on federal habeas review. Thus, Hayes appears to request equitable tolling of the limitations period because of his status as a *pro se* inmate litigant.

Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In that respect, the Fifth Circuit has limited the doctrine of equitable

tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quotation omitted). Thus, a "'garden variety claim of excusable neglect'" does not support equitable tolling. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)), *cert. denied*, — U.S. —, 128 S. Ct. 2873 (2008). The Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Hayes has not met either criteria here because he does not allege facts showing that he pursued his rights with the requisite diligence and he further fails to show that extraordinary circumstances prevented him from pursuing relief in a timely manner.

The pleadings establish that Hayes engaged in substantial delay before pursuing habeas corpus review. It is undisputed that Hayes was convicted pursuant to his guilty plea on November 12, 1998, and that his conviction became final no later than May 20, 2000, at the conclusion of direct review. Although the federal habeas statute of limitations expired

6

one year later on May 20, 2001, Hayes waited nearly nine years, until January 18, 2010, to present his claims in a state habeas corpus application.

Moreover, other than pointing to his status as a *pro se* litigant, Hayes offers no valid justification for his delay. The Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ). The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). The doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)); *see also Lookingbill*, 293 F.3d at 264-65 (holding that lateness of four days was not excused). The Court concludes that the petitioner's circumstances are not

among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Hayes has not established that he is entitled to any tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.  CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"

*Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for fourteen years, since April of 1996. This Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim. Therefore, a certificate of appealability will not issue.

IV.  **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petitioner's motion in response to the show cause order and his request for an evidentiary hearing (Doc. # 6) is **DENIED**.

2. The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on April 29, 2010.

9

Nancy F. Atlas
United States District Judge